## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **DEBRA ALVES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:14-01962** |
| | ) | **Judge Sharp** |
| **PARALLON HEALTH INFORMATION** | ) | |
| **SOLUTIONS, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM

In this employment discrimination action that removed from the Circuit Court for Davidson County Tennessee, Defendant Parallon Health Information Solutions, LLC ("Parallon") has filed a Motion for Summary Judgment (Docket No. 24). Plaintiff Debra Alves has filed no response to the Motion, even though she sought and received three extensions of time within which to do so. Given that the last such motion was granted on June 29, 2016, it's safe to say that counsel is not putting the finishing touches on a stellar response. That failure, coupled with Plaintiff's own deposition testimony, is fatal to her Tennessee Disability Act ("TDA") and Tennessee Public Protection Act ("TPPA") claims.

## I.

Under Rule 56(c) of the Federal Rules of Civil Procedure, "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to the particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not

1

establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may. . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3). Similarly, this Court's Local Rules provide that "[a]ny party opposing the motion for summary judgment must respond to each fact set forth by the movant, and that the "[f]ailure to respond to a moving party's statement of material facts . . . within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for purposes of summary judgment. L.R. 56.01(c), (g).

Here, Defendant filed a "Statement of Undisputed Material Facts" (Docket No. 26) that complies with both the federal and local rules governing summary judgment. Because Plaintiff has failed to respond, those facts, which are as follows, are accepted as true:

1. Alves began working for Parallon in December 2008 as an Insurance Verification Specialist.

2. Beginning in November 2011, and for the duration of her employment, she reported to Mark Brown, Pre-Registration/Insurance Verification Manager.

3. Upon hire, Alves received a copy of Parallon's Employee Handbook and Code of Conduct and knew that she was required to abide by each during her employment.

4. On August 5, 2013, Alves had an altercation with Jenny Cothron, an employee in Parallon's Central Scheduling Department, in the parking lot at the end of their shifts.

5. Following a meeting with Parallon's Human Resources Department on August 13, 2013, Brown suspended Alves and placed her on a Final Written Warning as a result of the altercation with Cothron.

6. Alves was suspended through August 16, 2013.

7. On Friday August 16, 2013, at 2:59 p.m., a telephone caller with the phone number 615-627-6282 left the following voicemail for Brown at work: "Hey, you f---ing faggy, you're a f---ing disease, and I'm your f---ing cure. You f---ing homo."[*]

8. Brown did not recognize the phone number, but immediately believed Alves was the caller.

9. Brown was extremely offended by the voicemail, so reported it to his supervisor, Regional Patient Access Director Javier Lahora, on Monday morning, August 19, 2013.

10. After listening to the voicemail, Lahora also believed, without any prompting or suggestion from Brown, that the caller was Alves.

11. Lahora and Brown believed the voicemail was obscene and a violation of Parallon's Code of Conduct and decided on August 19, 2013, that Alves' termination was warranted.

12. Prior to finalizing their decision, however, Lahora instructed Brown also to investigate whether the 615-627-6282 phone number was associated with Alves.

13. With the help of Team Lead Cooper Keele, Brown researched the outgoing calls on Alves' work telephone extension and discovered that Alves had made numerous calls from her extension to 615-627-6282 over the preceding months.

14. Brown attempted to call 615-627-6282 during the investigation, but the number had been disconnected.

15. At the conclusion of the investigation, Brown believed 615-627-6282 was a personal number associated with Alves.

16. When Brown discussed these findings with Lahora on August 21, 2013, they finalized their termination decision.

17. Per normal process, Lahora and Brown decided to consult with Bouler prior to terminating Alves' employment.

18. During an 8:30 a.m. meeting on August 22, 2013, Lahora and Bouler discussed the voicemail and the investigation, and Bouler agreed with the decision to terminate

---

[*] A copy of the message has been supplied to the Court. The caller actually used the expletive suggested by the dashes.

Alves' employment.

19. Alves had not reported to work since August 19, 2013.

20. Alves had requested leave through Parallon's third-party leave administrator, Sedgwick, beginning on August 20, 2013.

21. Parallon did not learn of Alves' request, however, until 1:26 p.m. on August 22, 2013 when Sedgiwck sent an automated notification e-mail to Human Resources Generalist Lea Havens.

22. Bouler attempted repeatedly to contact Alves to notify her of her termination and the reason for it, but Alves never returned Bouler's calls.

23. As a result, Lahora mailed Alves a letter terminating her employment effective September 3, 2013.

(Docket No. 26 at 1-5, citations to the record omitted).

## II.

The Court cannot grant Defendant's Motion for Summary Judgment solely on the ground that Plaintiff failed to respond. Rather, and "[e]ven if local rules require a non-moving party to respond to a motion within a certain time, the Federal Rules of Civil Procedure still require the moving party to demonstrate the absence of a disputed question of material fact and a ground that would entitle the moving party to judgment as a matter of law." Miller v. Shore Fin. Servs., Inc., 141 F. App'x 417, 419 (6th Cir. 2005) (citing, Stough v. Mayville Cmty. Sch., 138 F.3d 612, 614 (6th Cir.1998); Carver v. Bunch, 946 F.2d 451, 455 (6th Cir.1991)). "When a non-moving party fails to respond, therefore, the district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden." Id. Here, Defendant has more than discharged its initial burden with respect to both Plaintiff's TDA and TPPA claims.

"[T]here are three elements to a claim for discrimination under the TDA; a claimant must show: '(1) that the individual was qualified for the position; (2) that the individual was disabled; and

(3) that the individual suffered an adverse employment action because of that disability.'" Bennett v. Nissan N. Am., Inc., 315 S.W.3d 832, 841 (Tenn. Ct. App. 2009) (quoting Barnes v. Goodyear Tire and Rubber Co., 48 S.W.3d 698, 705 (Tenn.2000)). "The threshold issue, however, is whether the claimant is 'disabled.'" Id.

In this case, Plaintiff has failed to establish the threshold issue. During her deposition, Plaintiff initially hemmed and hawed in responding to the question, "[i]n what way do you believe you were disabled?", claiming that she "came out disabled with all hypertension and everything" while she was "out on FMLA." Thereafter, the following exchange took place:

Q: But before you were terminated, you did not perceive yourself as being disabled, correct?

A: Correct.

Q: And you don't think anyone at Parallon believed you were disabled, right?

A: Right.

(Docket No. 24-1, Pf. Depo. at 186-87). Because Plaintiff conceded during her deposition that she was not disabled or perceived as disabled, and that no one at Parallon believed she was disabled before her termination, her TDA claim fails.

Plaintiff's deposition testimony also dooms her TPPA claim. Under the TPPA, a "claimant has the burden of proving the following four elements to prevail on his or her statutory retaliatory discharge claim: (1) the plaintiff was an employee of the defendant; (2) the plaintiff refused to participate in or remain silent about illegal activity; (3) the defendant employer discharged or terminated the plaintiff's employment; and (4) the defendant terminated the plaintiff's employment solely for the plaintiff's refusal to participate in or remain silent about the illegal activity." Sykes v. Chattanooga Hous. Auth., 343 S.W.3d 18, 27 (Tenn. 2011). This is different from a common-law

retaliatory discharge claim because "[u]nder the TPPA, a plaintiff must demonstrate that h[er] protected activity . . . 'was the sole reason for his termination,'    rather than only a 'substantial factor' as is required under common law." <u>Hugo v. Millennium Labs., Inc.</u>, 590 F. App'x 541, 544 (6th Cir. 2014) (quoting <u>Guy v. Mut. of Omaha Ins. Co.</u>, 79 S.W.3d 528, 537 (Tenn. 2002)).

Plaintiff has failed to establish either the second or fourth element of a TPPA claim.  With regard to the former, Plaintiff testified in her deposition as follows:

> Q: Did you ever complain at any point during your employment about any conduct that you believed was unlawful?
>
> A: Like example, like in other words?
>
> Q: At any point, did you complain about any conduct that you thought was illegal?
>
> A: Any conduct like what, from who, coworkers or –
>
> Q: Anybody, during your employment, did you complain about any conduct that you believed –
>
> A: Not that I recall.
>
> Q: Never complained about any illegal conduct?
>
> A. Not that I recall any, I don't think so.
>
> Q: Okay.
>
> A: I don't think I ever heard anybody.
>
> Q: Okay. You never complained and you never heard anybody else complain -- is that what you're saying?
>
> A: Uh-huh. [Affirmative.]
>
> Q: Yes, I'm right?
>
> A: Yes.

(Docket No. 24-1, Pf. Depo. at 190).  As for the latter, Defendant has set forth an alternative reason

for Plaintiff's termination: a wholly unprofessional and intemperate voicemail message to her manager, which Defendant reasonably believed to have been made by Plaintiff. This is sufficient grounds for termination in the absence of any evidence that the stated reason was pretextual. <u>See</u>, <u>Fullen v. City of Columbus</u>, 514 F. App'x 601, 606 (6th Cir.2013) ("We have repeatedly held that insubordination may constitute a legitimate, nondiscriminatory reason for adverse action."); <u>Franklin v. City of Cookeville</u>, 2012 WL 5193988, at *1 (M.D. Tenn. July 31, 2012) (dismissing First Amendment, common law retaliation, and Tennessee Human Rights Act claims where plaintiff "called superior officer a 'lying cocksucker'").

## III.

For the foregoing reasons, Defendant's Motion for Summary Judgment will be granted. An appropriate Order will enter.

KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE